NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-cv-62321-LEIBOWITZ/AUGUSTIN-BIRCH

**CHASE BORUFF**,

   *Plaintiff/Counter-Defendant*,

v.

**PLATINUM LUXURY AUCTIONS LLC**,

   *Defendant/Counter-Plaintiff.*

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Affirmative Defenses (the "Motion") [ECF No. 43], filed on April 2, 2025. Plaintiff seeks to strike Affirmative Defenses 1, 2, 3, and 4 asserted by Defendant in its Amended Answer, Affirmative Defenses, and Counterclaims to the First Amended Complaint ("Answer") [ECF No. 42]. [ECF No. 43 ¶ 3]. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise duly advised in the premises. For the reasons set forth below, the Motion is granted by default.

Plaintiff filed the instant Motion on April 2, 2025, generating an April 16, 2025, response deadline. [*Id.*]. When Defendant failed to respond to the Motion within the applicable timeframe, the Court entered an order requiring a response by no later than April 25, 2025, or to show cause in writing why the Motion should not be granted by default. [ECF No. 45]. The Court warned that failure to respond by April 25, 2025, may result in the Motion being granted by default without further notice. [*Id.*]. Despite the Court granting Defendant additional time, Defendant has not filed a response to the Motion.

"Rule 12(f) of the Federal Rules of Civil Procedure permits a court to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter,' granting courts broad discretion in making this determination." *Alarm Grid, Inc. v. Zions Sec. Alarms*, No. 17-CV-60190, 2017 WL 7794338, at *1 (S.D. Fla. May 19, 2017) (quoting Fed. R. Civ. P. 12(f)). "Although the court has broad discretion in exercising the power to strike, the ability to strike is usually considered to be drastic and often disfavored." *Id.* However, pursuant to the Local Rules of the United States District Court for the Southern District of Florida, "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1).

In this case, Defendant's failure to respond to the Motion—despite ample time in which to do so, and the Court's warning regarding the effect of such failure—justifies the application of the Local Rule and an exercise of the Court's broad discretion to strike.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 43**] is **GRANTED**, and Defendant's Affirmative Defenses 1, 2, 3, and 4 are **STRICKEN**.

**DONE AND ORDERED** in the Southern District of Florida on this April 28, 2025.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:     counsel of record